**YING CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 07–3531–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Gang Zhou, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Kristina R. Sracic, Trial Attorney, Office of Immigration Liti-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

gation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON. O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Chen, a native and citizen of the People's Republic of China, seeks review of a July 20, 2007 order of the BIA, affirming the December 6, 2005 decision of Immigration Judge ("IJ") Sandy Hom, which pretermitted as untimely her application for asylum and denied her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ying Chen,* No. 37 A099 075 469 (B.I.A. July 20, 2007), *aff'g* No. A099 075 469 (Immig. Ct. N.Y. City Dec. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ As an initial matter, we lack jurisdiction to review the agency's finding that Chen's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law" pursuant to 8 U.S.C. § 1252(a)(2)(D), Chen's brief presents neither. Her argument that the agency violated her due process rights represents an attempt to "use the rhetoric of a constitutional claim" to "dispute the correctness of the IJ's fact finding" as to the one-year filing deadline. *See Gui Yin Liu v. INS,* 508 F.3d 716, 721 (2d Cir. 2007); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–32 (2d Cir. 2006). Accordingly, we dismiss the petition for review to this extent. *See* 8 U.S.C. § 1158(a)(3).

■ Chen also argues that the agency erred in concluding that she failed to demonstrate her eligibility for withholding of removal based on the birth of her U.S. citizen children. However, this argument fails because we have previously reviewed the agency's consideration of evidence similar to that which Chen presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008); *see also Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Further, despite Chen's argument that the agency failed to adequately consider the evidence she submitted, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise" and there is nothing in the BIA's decision compelling the conclusion that it failed to take into account Chen's evidence. *See Xiao Ji Chen,* 471 F.3d at 337 n. 17. Indeed, the agency reasonably found that Chen failed to provide any evidence concerning the persecution of similarly situated individuals and Chen has not pointed to any evidence in the record contradicting that finding. *See Jian Hui Shao,* 546 F.3d at 160–61, 172.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).